UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA HARRELL,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF GILROY, et al.,<br><br>Defendants. | Case No. 17-CV-05204-LHK<br><br>**ORDER GRANTING IN PART, DENYING IN PART, AND DEFERRING RULING ON IN PART MOTION TO STRIKE THE FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 17 |

Before the Court is Defendants City of Gilroy and Gilroy Police Department's motion to strike the first amended complaint. ECF No. 17. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court grants in part, denies in part, and defers ruling on in part the motion to strike.

**I.  BACKGROUND**

Plaintiff Patricia Harrell ("Harrell") worked as a Public Safety Communicator for the Gilroy Police Department ("GPD") for about 26 years. First Amended Complaint ("FAC"), ECF No. 16 ¶ 19. Harrell was terminated on March 21, 2016, based on Harrell's alleged misconduct toward Harrell's trainees. *Id.* ¶ 68. Harrell disputes that she mistreated her trainees.

1

Harrell alleges that the GPD had a pervasive culture of sexual misconduct and that she was fired in retaliation for her refusal to condone or engage in the culture of sexual misconduct. *Id.* ¶¶ 23-26. Harrell alleges a range of sexual misconduct, including police officers having sex with members of the Gilroy Explorers, a group for 14 to 21 year olds; sexually explicit conversations between employees at work; supervisors watching pornography in front of their employees; and nudity at work-sponsored social events, among other things. *Id.* ¶ 24. Harrell alleges that in 2008 she received a written reprimand after warning Julie Ines, a GPD employee, to be careful around two other GPD employees that Harrell alleges are frequently involved in sexual misconduct. *Id.* ¶¶ 43-50. Harrell contends that she received threatening notes in her mailbox at work and on her car. The note on her car allegedly said, "Better watch your back, bitch." *Id.* ¶ 72. Harrell alleges that she was investigated without justification again in 2015 and was terminated on March 21, 2016. *Id.* ¶¶ 51-68.

Harrell also alleges that she was discriminated based on her age and gender. *Id.* ¶ 38-42. The Court need not recount Harrell's factual allegations in greater detail at this time because they are not necessary for resolving the instant motion to strike.

On August 7, 2017, Harrell filed a complaint in state court against the City of Gilroy, GPD (which is a department of the City of Gilroy), the American Federation of State, County and Municipal Employees ("AFSCME"), and Does 1-50. ECF No. 1-1 at 6. The state court complaint contained 13 causes of action: (1) age discrimination (Cal. Gov. Code § 12940); (2) gender discrimination (Cal. Gov. Code § 12940); (3) sexual harassment (Cal. Gov. Code § 12940); (4) failure to prevent discrimination and harassment (Cal. Gov. Code § 12940(k)); (5) whistleblower retaliation (Cal. Labor Code § 1102.5); (6) retaliation (Cal. Gov. Code § 12940); (7) wrongful termination in violation of public policy; (8) breach of duty of fair representation; (9) negligent and intentional misrepresentation; (10) negligent and intentional infliction of emotional distress; (11) breach of written and implied-in-fact contract; (12) breach of the implied covenant of good faith and fair dealing; and (13) federal civil rights violation (42 U.S.C. § 1983). The first through

United States District Court
Northern District of California

seventh and thirteenth causes of action were against the City of Gilroy and GPD. The eighth and ninth causes of action were against AFSCME. The tenth through twelfth causes of action were against all defendants. On September 8, 2017, the City of Gilroy and GPD (collectively, "the Gilroy Defendants") removed the case to federal court. ECF No. 1.

On September 15, 2017, the Gilroy Defendants filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike portions of the complaint pursuant to Federal Rule of Civil Procedure 12(f). ECF No. 6 ("MTD"). The Gilroy Defendants argued that Harrell's seventh, eleventh, and twelfth causes of action failed as a matter of law because Harrell was a public employee. MTD at 3-4. The Gilroy Defendants also argued that Harrell's fifth, seventh, tenth, eleventh, and twelfth causes of action must be dismissed because Harrell failed to allege timely compliance with the California Tort Claims Act. *Id.* at 4-5. Finally, the Gilroy Defendants argued that Harrell's prayer for punitive damages should be stricken pursuant to Rule 12(f) because punitive damages cannot be recovered against a public entity as a matter of law. *Id.* at 5-6.

Harrell's response to the motion to dismiss and strike was due September 29, 2017. Harrell did not file a response. On October 6, 2017, the City of Gilroy and GPD filed a reply noting Harrell's failure to oppose the motion to dismiss and strike. ECF No. 13.

On November 28, 2017, Harrell's counsel wrote a letter to the Court explaining that Harrell elected not to oppose the motion to dismiss and strike because Harrell intended to file an amended complaint "to address the issues raised by Defendants." ECF No. 46. Harrell requested that "the Court refrain from ruling on the Motion to Dismiss" because Harrell believed "that the amended pleading w[ould] resolve most, if not all of the objections raised by Defendants." *Id.* The Gilroy Defendants' counsel responded with a letter that same day, in which the Gilroy Defendants' counsel explained that Harrell's counsel had offered on October 12, 2017 to send a proposed amended complaint for the Gilroy Defendants' review. ECF No. 47. However, as of November 28, 2017, the Gilroy Defendants had not received any proposed amended complaint for

3

Case No. 17-CV-05204-LHK
ORDER GRANTING IN PART, DENYING IN PART, AND DEFERRING RULING ON IN PART MOTION TO STRIKE THE FIRST AMENDED COMPLAINT

review. The Gilroy Defendants stated that Harrell would not be allowed to amend her complaint without stipulation or the Court's permission pursuant to Rule 15. *Id.*

On November 30, 2017, the Court granted the Gilroy Defendants' motion to dismiss with leave to amend. ECF No. 15. Specifically, the Court stated that "Plaintiff shall file an amended complaint within 30 days. If Plaintiff fails to file an amended complaint within 30 days or to cure the deficiencies identified in Defendants' September 15, 2017 motion, the Court will dismiss Plaintiff's case with prejudice." *Id.*

On December 29, 2017, Harrell filed the FAC. ECF No. 16. The FAC added several individual defendants, all of whom Harrell sued individually and in their official capacities. Specifically, the FAC added Denise Turner, Chief of the GPD; Royce Heath, Joseph Deras, and Kurt Svardal, GPD officers; Steve Ynzunza, a GPD communications supervisor; Leeann McPhillips, the human resources director for the City of Gilroy; and John Tucker, the business agent of AFSCME. The FAC also dropped the whistleblower retaliation, wrongful termination, breach of duty of fair representation, breach of contract, and breach of covenant of good faith and fair dealing causes of action. *Compare* FAC at 1 *with* ECF No. 1-1 at 6. However, the FAC added the following 7 causes of action:

- Failure to investigate or take corrective action (Cal. Gov. Code § 12940), asserted against the Gilroy Defendants;
- Retaliatory termination (Cal. Gov. Code § 12940(h)), asserted against the Gilroy Defendants;
- Negligent supervision, asserted against AFSCME;
- Negligence, asserted against Turner, Heath, Deras, Svardal, Ynzunza, McPhillips, AFSCME, and Tucker;
- Assault, asserted against Heath, Deras, and Ynzunza;
- Supervisory liability (42 U.S.C. § 1983), asserted against Turner, Heath, Deras, Svardal, Ynzunza, and McPhillips; and

4

- Retaliation (Title VII of the Civil Rights Act of 1964), asserted against the Gilroy Defendants.

*Compare* FAC at 1 *with* ECF No. 1-1 at 6.

On January 11, 2018, the Gilroy Defendants filed the instant motion to strike the FAC. ECF No. 17 ("Mot."). On January 12, 2018, the Gilroy Defendants filed an answer to the FAC. ECF No. 18. On January 25, 2018, Harrell filed an opposition to the motion to strike. ECF No. 19 ("Opp'n"). On February 1, 2018, the Gilroy Defendants filed a reply. ECF No. 20 ("Reply"). On February 28, 2018, AFSCME and Tucker filed a notice of non-opposition to the Gilroy Defendants' motion to strike. ECF No. 35.

On February 21, 2018, AFSCME and Tucker filed a motion to dismiss the FAC. ECF No. 32. On February 27, 2018, Deras, Heath, McPhillips, Turner, Ynzunza, and Svardal filed a motion to dismiss the FAC. ECF No. 34. Harrell filed oppositions to both of those motions, ECF Nos. 40, 41, and the relevant defendants filed replies, ECF Nos. 42, 44.

## II. LEGAL STANDARD

### A. Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f)

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation . . . . If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citations omitted). "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Id.* "Ultimately, whether to grant a

motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of New York Mellon,* No. 12-846, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010)).

### B. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely granted when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (ellipses omitted). However, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III. DISCUSSION

The Gilroy Defendants argue that the Court should strike the entire FAC because Harrell's addition of new defendants and new causes of action exceeded the scope of the Court's November 30, 2017 order granting leave to amend and violated Rule 15. Mot. at 2, 6-10. The Gilroy Defendants also assert that two of the new causes of action against the Gilroy Defendants are redundant of other causes of action. *Id.* at 7 nn.8-9. Finally, the Gilroy Defendants assert that the FAC does not cure the deficiencies identified in the motion to dismiss. Specifically, the Gilroy Defendants argue that although Harrell abandoned five causes of action that the Gilroy Defendants previously identified as deficient because Harrell did not allege timely compliance with the California Tort Claims Act, *id.* at 4, Harrell also added three causes of action against individual defendants that suffer the same deficiency, *id.* at 7. In her opposition, Harrell responds to these arguments and also seeks permission to file a second amended complaint. The Court addresses these arguments in turn.

6

Case No. 17-CV-05204-LHK
ORDER GRANTING IN PART, DENYING IN PART, AND DEFERRING RULING ON IN PART MOTION TO STRIKE THE FIRST AMENDED COMPLAINT

**A.     The Motion to Strike the Entire FAC is Overbroad**

As an initial matter, the Gilroy Defendants argue that the entire FAC should be stricken and the case dismissed with prejudice based on the addition of new parties and new causes of action and Harrell's failure to cure the deficiencies identified in the motion to dismiss. *See* Mot. at 10. Harrell responds that such a request is overbroad because the original complaint contained causes of action for age and gender discrimination, sexual harassment, retaliation, failure to prevent discrimination, and violation of the Federal Civil Rights Act that the Gilroy Defendants never challenged in their September 15, 2017 motion to dismiss. Opp'n at 12. Accordingly, Harrell argues that there is no legal basis for striking those causes of action now, even assuming that the addition of new parties and new causes of action was improper. *Id.* In reply, the Gilroy Defendants argue only that dismissal of the entire case with prejudice would be consistent with the Court's November 30, 2017 order granting the motion to dismiss, which stated that "[i]f Plaintiff fails to file an amended complaint within 30 days or to cure the deficiencies identified in Defendants' September 15, 2017 motion, the Court will dismiss Plaintiff's case with prejudice." Reply at 3, 10; ECF No. 15 at 1.

The Court acknowledges that its language in the November 30, 2017 order was imprecise. Because the Gilroy Defendants did not challenge all causes of action in the motion to dismiss, the Court should have stated that failure to file an amended complaint or to cure the deficiencies identified in the motion to dismiss would result in dismissal with prejudice only of the dismissed causes of action.

Having so clarified, the Court agrees with Harrell that there is no legal basis for striking the entire FAC under Rule 12(f). The Gilroy Defendants do not argue that the causes of action that were not challenged in the September 15, 2017 motion to dismiss are "redundant, immaterial, impertinent, or scandalous," which are the bases to strike material under Rule 12(f). Nor do the Gilroy Defendants allege that Harrell amended the previously unchallenged causes of action in violation of the scope of the Court's order granting leave to amend. Moreover, seeking "to strike the entirety of the FAC[] because it was improperly filed without leave to amend . . . is an

7
Case No. 17-CV-05204-LHK
ORDER GRANTING IN PART, DENYING IN PART, AND DEFERRING RULING ON IN PART MOTION TO STRIKE THE FIRST AMENDED COMPLAINT

impermissible use of Rule 12(f), because it seeks to use Rule 12(f) as a substitute for Rule 12(b)(6)." *Cruz*, 2012 WL 2838957 at \*2; *see also Whittlestone,* 618 F.3d at 974 ("Were we to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading . . . , we would be creating redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a motion for summary judgment at a later stage in the proceedings) already serves such a purpose."); *Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977) (stating that Rule 12(f) is not an authorized or a proper way to procure the dismissal of all or a part of a complaint). As a result, the Gilroy Defendants' motion to strike the FAC is DENIED to the extent it seeks dismissal of the first, second, third, fourth, sixth, and fourteenth causes of action for age discrimination, gender discrimination, sexual harassment, failure to prevent discrimination and harassment, retaliation, and violation of federal civil rights, none of which the Gilroy Defendants previously challenged.

**B.     The Addition of New Parties and Causes of Action Did Not Violate the Court's Order**

"Pursuant to Rule 12(f), a court may strike claims from any pleading for failure to comply with the court's orders." *Naranjo v. Bank of Am. Nat'l Ass'n*, No. 14-CV-2748-LHK, 2015 WL 4463851, at \*13 (N.D. Cal. July 21, 2015) (citing *Siskiyou Reg'l Educ. Project v. U.S. Forest Serv.*, No. CIV. 03-3013-CO, 2005 WL 2675189, at \*2 (D. Or. Oct. 19, 2005), *aff'd*, 565 F.3d 545 (9th Cir. 2009)). The Gilroy Defendants argue that the addition of new parties and new causes of action violated the Court's November 30, 2017 order that granted the motion to dismiss and allowed leave to amend. The Gilroy Defendants base this argument on the Court's admonition that if Harrell failed to cure the deficiencies identified in the Gilroy Defendant's September 15, 2017 motion, the next dismissal would be with prejudice. *See* Mot. at 8-10. The Gilroy Defendants also cite cases in which courts struck portions of amended pleadings where the amendment went beyond the scope of the order granting leave to amend. *See id.* at 8 (citing *Albano v. Cal-Western Reconveyance Corp.*, No. 4:12-cv-4018 KAW, 2013 WL 772665 (N.D. Cal. Feb. 28, 2013); *Choudhuri v. Wells Fargo Bank, N.A.*, No. C 11-518 SBA, 2011 WL

8

Case No. 17-CV-05204-LHK
ORDER GRANTING IN PART, DENYING IN PART, AND DEFERRING RULING ON IN PART MOTION TO STRIKE THE FIRST AMENDED COMPLAINT

5079480, at *3 n.6 (N.D. Cal. Oct. 25, 2011); *McReynolds v. HSBC Bank USA*, No. 5:11-cv-5245 EJD, 2012 WL 5868945, at *5 (N.D. Cal. Nov. 19, 2012)).

Harrell responds that the Court's order did not limit the scope of permissible amendment. Opp'n at 1, 3-5. Harrell cites *Forest Ambulatory Surgical Associates, L.P. v. Ingenix, Inc.*, 2013 WL 11323601 (C.D. Cal. Dec. 13, 2013), in which the court rejected an argument similar to the one that the Gilroy Defendants advance here. Specifically, in *Forest*, the court's order granting leave to amend specified a deadline for amendment but did not explicitly limit the scope of amendment. The defendants in *Forest* argued that the plaintiff had violated the Court's order and Rule 15 by adding new causes of action, rather than simply correcting deficiencies in the previous causes of action. *Id.* at *3. The court disagreed, in part because the language granting leave to amend did not limit the scope of the amendment and in part because the defendants had not shown that they would suffer any prejudice as a result of the new causes of action. *Id.* at *3-4; *see also Nissou-Rabban v. Capital One Bank (USA), N.A.*, 285 F. Supp. 3d 1136, 1144 (S.D. Cal. 2018) (denying similar motion to strike because order granting leave to amend contained no limitations on scope of amendment).

Here, like in *Forest* and *Nissou-Rabban* and unlike in *McReynolds*, the Court's order granting leave to amend did not limit the scope of the amendment. *See* ECF No. 15; *McReynolds*, 2012 WL 5868945 at *5 ("In fact, the court specifically advised Plaintiff that he could not assert additional causes of action in an amended complaint without complying with Rule 15.").

Accordingly, the Gilroy Defendants' motion to strike is DENIED to the extent that it seeks to strike all new parties and causes of action.

**C.    The Sixth and Seventh Causes of Action are Redundant**

Again, Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). "Redundant matter is defined as including a needless repetition of allegations." *Nguyen v. CTS Elecs. Mfg. Solutions Inc.*, 301 F.R.D. 337, 342 (N.D. Cal. 2014) (citing *Thornton*

*v. Solutionone Cleaning Concepts, Inc.*, No. 06-1455, 2007 WL 210586 (E.D. Cal. Jan. 26, 2007)). "Accordingly, courts utilize Rule 12(f) to strike parts of complaints which are redundant to other causes of action." *Id.* (citing *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D. Cal. 2005)).

The Gilroy Defendants assert that the FAC's fourth cause of action for failure to prevent discrimination and harassment is redundant of the fifth cause of action for failure to investigate or take corrective action. Mot. at 7 & n.8. The Gilroy Defendants also contend that the FAC's sixth cause of action for retaliation is redundant of the seventh cause of action for retaliatory termination. Mot. at 7 & n.9. Harrell does not respond to these assertions.

All four of these causes of action are brought pursuant to California Government Code § 12940. As part of her fourth cause of action, Harrell alleges that the Gilroy Defendants and AFSCME "failed to take all reasonable steps necessary to prevent discrimination on the basis of age and gender from occurring. Among other things, Defendants failed to train and adequately supervise its [*sic*] employees in order to ensure that these employees were not violating the Fair Employment and Housing Act in their treatment of other employees." FAC ¶ 111. Harrell also alleges that "[t]hey further failed to take reasonable steps to prevent the harassment and retaliation that Ms. Harrell suffered because of her disapproval of the sexual misconduct occurring around her." *Id.* As part of her fifth cause of action, Harrell alleges that "[d]espite Plaintiff's requests, Defendants, and each of them, failed to investigate her complaints of retaliation, harassment, and hostile work environment, or to take corrective action against Defendant's employees and directors." *Id.* ¶ 117. Harrell alleges that "[b]y failing to adequately and timely investigate Plaintiff's complaints or take corrective action, Defendants allowed their employees and directors' retaliatory conduct to increase, causing greater harm and emotional distress to Plaintiff." *Id.* ¶ 119. Although there is some overlap between the fourth and fifth causes of action, they are not entirely redundant. The fourth cause of action appears to focus on failing to prevent age and gender discrimination, while the fifth cause of action appears to focus on failing to investigate or stop the alleged retaliation. Accordingly, because the fourth and fifth causes of action are not

entirely redundant, the Gilroy Defendants' motion to strike is DENIED as to the fourth and fifth causes of action.

By contrast, the sixth and seventh causes of action are entirely redundant. In her sixth cause of action, titled "retaliation" and brought pursuant to California Government Code § 12940, Harrell alleges that she "engaged in protected activities, including, but not limited to: refusal to condone the sexual behavior of Defendants' employees, and filing her DFEH and EEOC complaint. Afterwards, Defendants retaliated by eventually terminating Plaintiff." FAC ¶ 124. Harrell alleges that as a result, Harrell had to retain attorneys and so is entitled to recover attorney's fees and litigation expenses, including expert witness fees and costs. *Id.* ¶ 125. Harrell alleges that she suffered lost income, lost benefits, and emotional distress as a result of the alleged wrongful conduct. *Id.* ¶ 126. Similarly, in her seventh cause of action, titled "retaliatory termination" and brought pursuant to California Government Code § 12940(h), Harrell alleges that she "engaged in protected activities, including, but not limited to: refusal to condone the sexual behavior of Defendants' employees, and filing her DFEH/EEOC complaint. Afterwards, Defendants retaliated by terminating Plaintiff." *Id.* ¶ 130. Harrell alleges that she is entitled to recover attorney's fees and litigation expenses, including expert witness fees and costs. *Id.* ¶ 131. Harrell alleges that she suffered emotional distress as a result. *Id.* ¶ 132. The seventh cause of action, which was added in the FAC, is thus wholly redundant of the sixth cause of action, which appeared in the original complaint. As a result, the Gilroy Defendants' motion to strike is GRANTED with prejudice as to the seventh cause of action for retaliatory termination pursuant to Rule 12(f). The seventh cause of action is stricken with prejudice because it would be futile to allow amendment. *See Carvalho*, 629 F.3d at 892-93. Specifically, the retaliatory termination cause of action pursuant to § 12940(h) is encompassed within the retaliation cause of action pursuant to § 12940, which survives. Thus, any amended retaliatory termination cause of action would also be encompassed within the retaliation cause of action, and thus redundant.

**D. The Court Will Defer Ruling on the California Tort Claims Act Issue**

The Gilroy Defendants next argue that the FAC (or at a minimum the ninth, tenth, and eleventh causes of action) should be dismissed because Harrell failed to cure a deficiency identified in the September 15, 2017 motion to dismiss, which was Harrell's failure to allege timely compliance with the California Tort Claims Act. Mot. at 6-9. Specifically, the FAC abandoned the five causes of action from the original complaint that the Gilroy Defendants had identified in the September 15, 2017 motion to dismiss as deficient for failure to allege timely compliance with the California Tort Claims Act. *See* Mot. at 9 n.10; *compare* FAC at 1 *with* ECF No. 1-1 at 6. However, Harrell added three new causes of action against individual defendants for negligence, assault, and negligent and intentional infliction of emotional distress. The Gilroy Defendants argue that these causes of action suffer from the same deficiency as the five abandoned claims, which is that Harrell fails to allege timely compliance with the California Tort Claims Act. Mot. at 9. Harrell responds that equitable tolling should apply. Opp'n at 8-11. The Gilroy Defendants reply that the FAC does not contain any allegations related to Harrell's equitable tolling argument, which means that the issue is not properly before the Court. Reply at 9-10.

The Gilroy Defendants do not argue that the negligence, assault, and negligent and intentional infliction of emotional distress causes of action are "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Instead, the Gilroy Defendants argue that Harrell's claims are deficient as a matter of law because Harrell failed to allege timely compliance with the California Tort Claims Act. "Thus, [the Gilroy Defendants'] 12(f) motion [i]s really an attempt to have certain portions of [Harrell's] complaint dismissed or to obtain summary judgment against [Harrell] as to those portions of the suit—actions better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion." *Whittlestone*, 618 F.3d at 974 (*comparing Yamamoto*, 564 F.2d at 1327 ("Rule 12(f) is 'neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint.'"), *with Rutman Wino Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of [Rule] 12(b)(6) is to enable

12

defendants to challenge the legal sufficiency of complaints . . . .") (alterations in original)).
Framing the argument as Harrell's failure to cure the deficiencies identified in the September 15, 2017 motion to dismiss fares no better. Indeed, defendants regularly bring a second round motion to dismiss to argue that the plaintiff failed to cure the deficiencies that led to a first round dismissal. Accordingly, the Court construes the Gilroy Defendants' motion to strike the negligence, assault, and negligent and intentional infliction of emotional distress causes of action as a motion to dismiss pursuant to Rule 12(b)(6). *See, e.g.*, *Powell v. Wells Fargo Home Mortg.*, No. 14-cv-4248-MEJ, 2017 WL 2720182, at *7 (N.D. Cal. June 23, 2017) (construing improper motion to strike as a motion to dismiss); *Linares v. CitiMortgage, Inc.*, No. C-14-3435 EMC, 2015 WL 2088705, at *8 (N.D. Cal. May 5, 2015) (same).

The Court defers ruling on the negligence, assault, and negligent and intentional infliction of emotional distress causes of action so that the Court can consider the California Tort Claims Act issue concurrently with whatever arguments AFSCME and the individual defendants raise in their motions to dismiss, which are scheduled to be heard on July 26, 2018. *See* ECF No. 38. Analyzing all arguments related to these causes of action at one time will be more efficient for the Court. Ruling on the challenges to these causes of action at the same time will also simplify the process for any amendments, if the Court grants leave to amend, and any subsequent motions to dismiss, and thus will be more efficient for the parties and the Court.

### E. Harrell's Request for Leave to File a Second Amended Complaint

Finally, as part of her opposition, Harrell requests leave to file a second amended complaint to reinstate the whistleblower cause of action that Harrell abandoned in the FAC. Opp'n at 12. Harrell explains that after filing the FAC, she "became aware that both the City and the GPD had failed to comply with Government Code § 53051," which requires public agencies to file certain identifying information with the Secretary of State and the County Clerk. Opp'n at 7. Harrell explains that under the California Supreme Court's decision in *Wilson v. San Francisco Redevelopment Agency*, 19 Cal. 3d 555, 560 (1977), a plaintiff is excused from complying with

the California Tort Claims Act if the public agency has not complied with Government Code § 53051. Opp'n at 7. Thus, Harrell concludes that because the Gilroy Defendants did not register as required by § 53051, Harrell was not required to comply with the California Tort Claims Act. As a result, Harrell requests permission to file a second amended complaint that would revive the whistleblower cause of action that Harrell abandoned in filing the FAC because she thought that cause of action was barred by her failure to comply with the California Tort Claims Act. *Id.* at 7-8, 12.

The Gilroy Defendants respond that a city is not a "public agency" as defined by California Government Code § 53050, and thus the City of Gilroy is not required to comply with § 53051. Thus, *Wilson* does not relieve Harrell from complying with the California Tort Claims Act. Reply at 2.

Section 53051 requires that "[w]ithin seventy (70) days after the date of commencement of its legal existence, the governing body of each public agency shall file with the Secretary of State on a form prescribed by the Secretary of State and also with the county clerk of each county in which the public agency maintains an office, a statement of" facts including the full legal name of the public agency and the official mailing address of the governing body of the public agency, among other information. Cal. Gov't Code § 53051(a). Section 53050 states that "[t]he term 'public agency,' as used in this article, means a district, public authority, public agency, and any other political subdivision or public corporation in the state, but does not include the state or a county, city and county, or city." Cal. Gov't Code § 53050. Thus, the City of Gilroy is not a "public agency" within the meaning of § 53050, which means that it was not required to comply with § 53051. GPD is a department of the City of Gilroy, which means that it also was not required to comply with § 53051. As a result, the premise of Harrell's request for filing a second amended complaint—that the Gilroy Defendants' failure to comply with § 53051 excused Harrell from complying with the California Tort Claims Act—is legally incorrect. Accordingly, amendment would be futile. The request for leave to file a second amended complaint to revive

14

the whistleblower cause of action is thus DENIED.

## IV. CONCLUSION

For the foregoing reasons, the motion to strike is GRANTED with prejudice as to the seventh cause of action for retaliatory termination. The Court DEFERS RULING on the motion to strike the causes of action for negligence, assault, and negligent and intentional infliction of emotional distress causes of action, which the Court construes as a motion to dismiss. The Court will rule on these causes of action at the time that the Court rules on the motions to dismiss filed by AFSCME and the individual defendants. In all other respects, the motion to strike is DENIED. Harrell's request for leave to file a second amended complaint is DENIED.

**IT IS SO ORDERED.**

Dated: May 25, 2018

*Lucy H. Koh*
LUCY H. KOH
United States District Judge