1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12    PATRICIA HARRELL,                      Case No. 17-CV-05204-LHK

13                 Plaintiff,                **ORDER GRANTING MOTIONS TO
                                             DISMISS THE FIRST AMENDED
14           v.                              COMPLAINT, DENYING REMAINING
                                             ARGUMENT FROM MOTION TO
15    CITY OF GILROY, et al.,                STRIKE AS MOOT**

16                 Defendants.               Re: Dkt. Nos. 17, 32, 34

17

18           Before the Court are Defendants Gilroy Police Chief Denise Turner, Officer Royce Heath,

19    Captain Joseph Deras, Captain Kurt Svardal, Communications Supervisor Steven Ynzunza, and

20    Human Resources Director/Risk Manager LeAnn McPhillips' motion to dismiss the first amended

21    complaint; Defendants American Federation of State, County, and Municipal Employees

22    ("AFSCME") and AFSCME Counsel 57/AFSCME Local 101 Organizing Director John Tucker's

23    motion to dismiss the first amended complaint; and the part of Defendants City of Gilroy and

24    Gilroy Police Department's motion to strike the first amended complaint upon which the Court

25    previously deferred ruling. ECF Nos. 17, 32, 34. Having considered the submissions of the

26    parties, the relevant law, and the record in this case, the Court grants both motions to dismiss the

27                                                 1

FAC and denies as moot the argument remaining from the motion to strike.

## I.     FACTUAL BACKGROUND

Plaintiff Patricia Harrell ("Harrell") worked as a Public Safety Communicator for the Gilroy Police Department ("GPD") for about 26 years. First Amended Complaint ("FAC"), ECF No. 16 ¶ 19. Harrell was terminated on March 21, 2016, based on Harrell's alleged misconduct toward Harrell's trainees. *Id.* ¶ 68. Harrell disputes that she mistreated her trainees.

Harrell alleges that the GPD had a pervasive culture of sexual misconduct and that she was fired in retaliation for her refusal to condone or engage in the culture of sexual misconduct. *Id.* ¶¶ 23-26. Harrell alleges a range of sexual misconduct, including police officers having sex with members of the Gilroy Explorers, a group for 14 to 21 year olds; sexually explicit conversations between employees at work; supervisors watching pornography in front of their employees outside the workplace; and nudity at work-sponsored social events, among other things. *Id.* ¶ 24.

On November 20, 2005, Harrell left her shift 14 minutes early because a call came in that GPD Officer Ray Hernandez, a close friend of Harrell's, was unconscious and not breathing. *Id.* ¶ 28-29. Harrell left work to go to Officer Hernandez's home. *Id.* ¶ 30. Officer Hernandez died that night from a heart attack. Harrell was later disciplined for leaving her post early. She contends the discipline was unwarranted. *Id.* ¶¶ 30-31.

In about 2006, Harrell insisted that officers follow protocol in their radio communications with dispatch. Harrell alleges that in retaliation for her efforts to instill professionalism, the officers refused to acknowledge her presence, speak to her, or look at her. GPD Officer Geoff Guerin later tearfully acknowledged to Harrell that the officers had been instructed by their Sergeant to ignore Harrell. *Id.* ¶¶ 34-37.

Harrell alleges that in 2008 she was investigated and received a written reprimand after warning Julie Ines, a GPD employee, to be careful around GPD Officer Heath and Ms. Arthur, another GPD employee, whom Harrell alleges are frequently involved in sexual misconduct. *Id.* ¶¶ 43-50. Harrell alleges that her supervisors knew of and acknowledged Ms. Arthur's

inappropriate behavior but nevertheless disciplined Harrell. *Id.* ¶¶ 43-50.

Harrell contends that she received threatening notes in her mailbox at work and on her car. The note on her car allegedly said, "Better watch your back, bitch." *Id.* ¶ 72.

Harrell also alleges that she was discriminated based on her age and gender. *Id.* ¶ 38-42. In October 2007, GPD Captain Deras allegedly told Harrell that "You and the people who have been here a long time think your shit don't stink." *Id.* ¶ 38. Harrell contends that even though she was the most senior dispatcher, and thus was entitled by custom to choose which shifts to work, Officer Deras began assigning her to undesirable night and weekend shifts and allowed younger, less experienced female dispatchers to take the more favorable weekday shifts. *Id.* ¶ 41. Officer Deras also overloaded Harrell with dispatch duties, training duties, and overtime. *Id.* ¶ 42. When Harrell complained that the work was too much for one person to handle, she was subjected to discipline. *Id.*

Harrell alleges that she was investigated without justification again in 2015 and was terminated on March 21, 2016. *Id.* ¶¶ 51-68. The investigation was related to Harrell's alleged mistreatment of her trainees and an alleged discriminatory remark, in which Harrell commented to one of her Latina trainees that the trainee "might be mistaken for the cleaning lady." *Id.* ¶¶ 54-55. Harrell denies that she mistreated her trainees and argues that the remark was taken out of context. Harrell states that Harrell is half Salvadoran and half Native American, and had told the trainee that Harrell had been mistaken for a cleaning lady when at a public safety conference in Colorado. When the trainee commented that people "sometimes look[ed] at [her] funny" in her gated community, Harrell commented that perhaps the other residents mistook the trainee for the cleaning lady, as had happened to Harrell in Colorado. *Id.* ¶ 55.

Harrell alleges that she requested assistance from AFSCME, her union, in handling the 2015 investigation, but the union was not responsive. *Id.* ¶¶ 75-76. AFSCME Counsel 57/AFSCME Local 101 Organizing Director John Tucker then represented to Harrell between March 2016 and May 2016 that the union would take over her case challenging her termination.

*Id.* ¶¶ 76-80.  However, on July 26, 2016, without notice or warning, Tucker informed Harrell that the union no longer felt her case was winnable and thus that the union would no longer represent her.  *Id.* ¶ 81.  On August 1, 2016, Harrell requested from Tucker copies of legal analyses, notes from interviews, and other documentation related to her case.  *Id.* ¶ 82.  On August 30, 2016, Tucker responded that "there are no written documents that contain a legal analysis of your case." *Id.* ¶ 83.

On December 29, 2016, Harrell filed complaints with the EEOC and California's Department of Fair Employment and Housing ("DFEH") against the City of Gilroy, GPD Chief Turner, GPD Officer Heath, and GPD Captain Deras, in which she alleged discrimination based on her age and sex.  Ex. A to FAC, ECF No. 16-1.  On May 17, 2017, Harrell's counsel amended the DFEH complaint to add respondents Tucker, GPD Communications Supervisor Ynzunza, GPD Human Resources Director/Risk Manager McPhillips, GPD Captain Scott Smithee (not a defendant in the instant case), and AFSCME.  *See* ECF No. 40-2 at 27.  However, instead of adding AFSCME, DFEH added "Joseph Guzynski," the Western Regional Director of AFSCME International.  *See id.* at 31; ECF No. 43 at 2.  Harrell's counsel wrote to DFEH for clarification and explained that the listed respondent should be AFSCME.  ECF No. 40-2 at 31.  Shahmaila Khan, a DFEH employee, responded that "[t]he respondent has to be a name and Joseph was listed as a contact person for AFSCME."  *Id.* at 30.  Harrell's counsel thanked Ms. Khan for the clarification and did not press the issue further.  *Id.*  On May 24, 2017, Harrell received a right to sue notice from DFEH.  *Id.* at 12.

## II.     PROCEDURAL HISTORY

On August 7, 2017, Harrell filed a complaint in state court against the City of Gilroy, GPD (which is a department of the City of Gilroy), the AFSCME, and Does 1-50.  ECF No. 1-1 at 6. The state court complaint contained 13 causes of action: (1) age discrimination (Cal. Gov. Code § 12940); (2) gender discrimination (Cal. Gov. Code § 12940); (3) sexual harassment (Cal. Gov. Code § 12940); (4) failure to prevent discrimination and harassment (Cal. Gov. Code § 12940(k));

Case No. 17-CV-05204-LHK
ORDER GRANTING MOTIONS TO DISMISS THE FIRST AMENDED COMPLAINT, DENYING REMAINING ARGUMENT FROM MOTION TO STRIKE AS MOOT

(5) whistleblower retaliation (Cal. Labor Code § 1102.5); (6) retaliation (Cal. Gov. Code § 12940); (7) wrongful termination in violation of public policy; (8) breach of duty of fair representation; (9) negligent and intentional misrepresentation; (10) negligent and intentional infliction of emotional distress; (11) breach of written and implied-in-fact contract; (12) breach of the implied covenant of good faith and fair dealing; and (13) federal civil rights violation (42 U.S.C. § 1983). The first through seventh and thirteenth causes of action were against the City of Gilroy and GPD. The eighth and ninth causes of action were against AFSCME. The tenth through twelfth causes of action were against all defendants. On September 8, 2017, the City of Gilroy and GPD (collectively, "the Gilroy Defendants") removed the case to federal court. ECF No. 1.

On September 15, 2017, the Gilroy Defendants filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike portions of the complaint pursuant to Federal Rule of Civil Procedure 12(f). ECF No. 6 ("MTD"). The Gilroy Defendants argued that Harrell's seventh, eleventh, and twelfth causes of action failed as a matter of law because Harrell was a public employee. MTD at 3-4. The Gilroy Defendants also argued that Harrell's fifth, seventh, tenth, eleventh, and twelfth causes of action must be dismissed because Harrell failed to allege timely compliance with the California Tort Claims Act. *Id.* at 4-5. Finally, the Gilroy Defendants argued that Harrell's prayer for punitive damages should be stricken pursuant to Rule 12(f) because punitive damages cannot be recovered against a public entity as a matter of law. *Id.* at 5-6.

Harrell's response to the motion to dismiss and strike was due September 29, 2017. Harrell did not file a response. On October 6, 2017, the City of Gilroy and GPD filed a reply noting Harrell's failure to oppose the motion to dismiss and strike. ECF No. 13.

On November 28, 2017, Harrell's counsel wrote a letter to the Court explaining that Harrell elected not to oppose the motion to dismiss and strike because Harrell intended to file an amended complaint "to address the issues raised by Defendants." ECF No. 46. Harrell requested

that "the Court refrain from ruling on the Motion to Dismiss" because Harrell believed "that the amended pleading w[ould] resolve most, if not all of the objections raised by Defendants." *Id.* The Gilroy Defendants' counsel responded with a letter that same day, in which the Gilroy Defendants' counsel explained that Harrell's counsel had offered on October 12, 2017 to send a proposed amended complaint for the Gilroy Defendants' review. ECF No. 47. However, as of November 28, 2017, the Gilroy Defendants had not received any proposed amended complaint for review. The Gilroy Defendants stated that Harrell would not be allowed to amend her complaint without stipulation or the Court's permission pursuant to Rule 15. *Id.*

On November 30, 2017, the Court granted the Gilroy Defendants' motion to dismiss with leave to amend. ECF No. 15. Specifically, the Court stated that "Plaintiff shall file an amended complaint within 30 days. If Plaintiff fails to file an amended complaint within 30 days or to cure the deficiencies identified in Defendants' September 15, 2017 motion, the Court will dismiss Plaintiff's case with prejudice." *Id.*

On December 29, 2017, Harrell filed the FAC. ECF No. 16. The FAC added several individual defendants, all of whom Harrell sued individually and in their official capacities. Specifically, the FAC added Denise Turner, Chief of the GPD; Royce Heath, Joseph Deras, and Kurt Svardal, GPD officers; Steve Ynzunza, a GPD communications supervisor; Leeann McPhillips, the human resources director for the City of Gilroy; and John Tucker, the business agent of AFSCME. The FAC also dropped the whistleblower retaliation, wrongful termination, breach of duty of fair representation, breach of contract, and breach of covenant of good faith and fair dealing causes of action. *Compare* FAC at 1 *with* ECF No. 1-1 at 6. However, the FAC added the following 7 causes of action:

- Failure to investigate or take corrective action (Cal. Gov. Code § 12940), asserted against the Gilroy Defendants;

- Retaliatory termination (Cal. Gov. Code § 12940(h)), asserted against the Gilroy Defendants;

Case No. 17-CV-05204-LHK
ORDER GRANTING MOTIONS TO DISMISS THE FIRST AMENDED COMPLAINT, DENYING REMAINING ARGUMENT FROM MOTION TO STRIKE AS MOOT

United States District Court
Northern District of California

- Negligent supervision, asserted against AFSCME;

- Negligence, asserted against Turner, Heath, Deras, Svardal, Ynzunza, McPhillips, AFSCME, and Tucker;

- Assault, asserted against Heath, Deras, and Ynzunza;

- Supervisory liability (42 U.S.C. § 1983), asserted against Turner, Heath, Deras, Svardal, Ynzunza, and McPhillips; and

- Retaliation (Title VII of the Civil Rights Act of 1964), asserted against the Gilroy Defendants.

*Compare* FAC at 1 *with* ECF No. 1-1 at 6.

On January 11, 2018, the Gilroy Defendants filed a motion to strike the FAC. ECF No. 17 ("MTS"). On January 12, 2018, the Gilroy Defendants filed an answer to the FAC. ECF No. 18. On January 25, 2018, Harrell filed an opposition to the motion to strike. ECF No. 19 ("MTS Opp'n"). On February 1, 2018, the Gilroy Defendants filed a reply. ECF No. 20 ("MTS Reply"). On February 28, 2018, AFSCME and Tucker filed a notice of non-opposition to the Gilroy Defendants' motion to strike. ECF No. 35.

On May 25, 2018, the Court granted the Gilroy Defendants' motion to strike in part, denied it in part, and deferred ruling on it in part. ECF No. 48. Specifically, the Court granted with prejudice the motion to strike the seventh cause of action for retaliatory termination as entirely redundant of the sixth cause of action for retaliation. *Id.* at 9-11. The Court denied the motion to strike the entire FAC as overbroad. The Court also denied the motion to strike the fifth cause of action after the Court found that the fourth and fifth causes of action were not entirely redundant. *Id.* at 10-11. The Court deferred ruling on the Gilroy Defendants' California Tort Claims Act argument after determining that the argument was more properly construed as a motion to dismiss.

On February 21, 2018, AFSCME and Tucker filed a motion to dismiss the FAC. ECF No. 32 ("AFSCME MTD"). On February 27, 2018, Deras, Heath, McPhillips, Turner, Ynzunza, and

7

Svardal filed a motion to dismiss the FAC. ECF No. 34 ("Officers' MTD"). On March 7, 2018, Harrell filed an opposition to the AFSCME Motion. ECF No. 40 ("AFSCME MTD Opp'n"). On March 13, 2018, Harrell filed an opposition to the Officers' Motion. ECF No. 41 ("Officers' MTD Opp'n"). On March 14, 2018, AFSCME filed a reply. ECF No. 42 ("AFSCME MTD Reply"). On March 20, 2018, the Officers filed a reply.[1] ECF No. 44 ("Officers' MTD Reply").

## III. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and the "[C]ourt may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor is the Court required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere

---

[1] The Officers' MTD Reply exceeded the page limits set by the Civil Local Rules by 6 pages. The Court cautions all parties to adhere to the deadlines and page limits in the Civil Local Rules in the future.

Case No. 17-CV-05204-LHK
ORDER GRANTING MOTIONS TO DISMISS THE FIRST AMENDED COMPLAINT, DENYING REMAINING ARGUMENT FROM MOTION TO STRIKE AS MOOT

"conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678.

## B.     Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely granted when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (ellipses omitted).  However, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'"  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV.     DISCUSSION

No Defendant has moved to dismiss the first cause of action for age discrimination, the second cause of action for gender discrimination, the fifth cause of action for failure to investigate, the sixth cause of action for retaliation under California law, the fourteenth cause of action for violation of federal civil rights, or the fifteenth cause of action for retaliation under Title VII of the Civil Rights Act.  In addition, the Court previously struck the seventh cause of action for retaliatory termination.  The Court addresses the remaining causes of action in the order in which Harrell pleads them.

## A.     Third Cause of Action for Sexual Harassment

Harrell brings her third cause of action against the City of Gilroy and GPD (collectively, the "Gilroy Defendants"), and GPD Officer Heath, Captain Deras, and Communications Supervisor Ynzunza for sexual harassment in violation of California Government Code § 12940. Specifically, Harrell contends that Heath, Deras, and Ynzunza's actions, and the Gilroy Defendants' failure to prevent these actions, created a hostile sexual environment that materially

9

altered Harrell's working conditions. FAC ¶ 102. Harrell contends that these actions constitute sexual harassment in violation of California Government Code § 12940(j)(1). *Id.* Heath, Deras, and Yznunza respond that Harrell's claim against them is time-barred because Harrell fails to allege that Heath, Deras, or Yznunza engaged in any actionable conduct during the limitations period. Officers' MTD at 13-15. In the alternative, Heath, Deras, and Yznunza argue that Harrell's claim fails because their alleged actions were not severe or pervasive enough to constitute a hostile work environment as a matter of law. *Id.* at 15-17.

California Government Code § 12940(j)(1) makes it unlawful for an employer or person to harass an employee on the basis of sex or gender, among other protected characteristics. "'[H]arassment' because of sex includes sexual harassment [and] gender harassment." Cal. Gov. Code § 12940(j)(4)(C). "Sexually harassing conduct need not be motivated by sexual desire." *Id.* "California courts have adopted the [Title VII] standard for hostile work environment sexual harassment claims under the [Fair Employment and Housing Act ("FEHA")]." *Ortega v. Neil Jones Food Co.*, 12-CV-5504-LHK, 2014 WL 232358, at *8 (N.D. Cal. Jan. 21, 2014) (quoting *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 279 (2006)) (first alteration in *Ortega*). To state a claim for a hostile work environment sexual harassment claim, the plaintiff must establish that "she was subjected to sexual advances, conduct, or comments that were (1) unwelcome, (2) because of sex, and (3) sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment." *Lyle*, 38 Cal. 4th at 279 (internal citations omitted).

In *Lyle*, the California Supreme Court analyzed a hostile work environment claim with some similarities to the instant case. In *Lyle*, a writer's assistant for the show *Friends* alleged that the male writers' "use of sexually coarse and vulgar language and conduct, including the recounting of their own sexual experiences, constituted harassment based on sex within the meaning of the" FEHA. *Id.* at 272. The California Supreme Court focused its analysis on the second and third elements of a hostile work environment claim: that the conduct or comments

10

were because of sex and were sufficiently severe or pervasive to create an abusive work environment. Turning first to the second element, harassment because of sex, the California Supreme Court cited the United States Supreme Court's decision in *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998), for the proposition that "workplace harassment, even harassment between men and women, is [not] automatically discrimination because of sex merely because the words used have sexual content or connotations." *Lyle*, 38 Cal. 4th at 279 (quoting *Oncale*, 523 U.S. at 80) (alteration in *Lyle*). "Rather, '[t]he critical issue . . . is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed.'" *Id.* at 279-80 (quoting *Oncale*, 523 U.S. at 80) (alteration in *Lyle*). "This means a plaintiff in a sexual harassment suit must show 'the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted *discrimination* because of sex.'" *Id.* at 280 (quoting *Oncale*, 523 U.S. at 81) (alterations removed).

In other words, with respect to the second element, the California Supreme Court concluded that "it is the disparate treatment of an employee on the basis of sex—not the mere discussion of sex or use of vulgar language—that is the essence of a sexual harassment claim." *Id.* Although "evidence of hostile, sexist statements is relevant to show discrimination on the basis of sex," "the use of vulgar or sexually disparaging language . . . is not necessarily sufficient, by itself, to establish actionable conduct." *Id.* at 281. Specifically, "a hostile work environment sexual harassment claim is not established where a supervisor or coworker simply uses crude or inappropriate language in front of employees or draws a vulgar picture, without directing sexual innuendos or gender-related language toward a plaintiff or toward women in general." *Id.* at 282.

Turning to the third element, whether the conduct is so severe or pervasive to render the work environment hostile, the California Supreme Court quoted again from *Oncale* to instruct that the "objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." *Id.* at 283 (quoting *Oncale*, 523 U.S.

at 81-82). "With respect to the pervasiveness of harassment, courts have held an employee generally cannot recover for harassment that is occasional, isolated, sporadic, or trivial; rather, the employee must show a concerted pattern of harassment of a repeated, routine, or a generalized nature." *Id.*

Applying these principles to the facts in *Lyle*, the California Supreme Court held that there was no triable issue that any harassment occurred "because of" the plaintiff's sex because the male writers' sexually explicit conversations were not aimed at the plaintiff or women generally. *Id.* at 286-87. Instead, the California Supreme Court noted that women writers also participated in the sexually explicit conversations. *Id.* at 287. In addition, the California Supreme Court noted that there was no evidence that members of one sex were exposed to disadvantageous terms or conditions of employment to which members of the other sex were not exposed. *Id.* at 287-88. With respect to the severity and pervasiveness of the comments, the California Supreme Court explained that there were several sexual comments about specific actresses which satisfied the second "because of" element, but there was not enough information to conclude that such specific comments were pervasive enough to support a hostile work environment claim. *Id.* at 289-90.

Applied to the instant case, *Lyle* makes clear that Harrell has failed to state a claim for hostile work environment sexual harassment even if the Court considered the allegations predating the limitations period. First, with the exception of one comment that predated the limitations period, Harrell has not established that the sexualized commentary and conduct were aimed either at her specifically or at women generally and thus has not established that the hostile work environment occurred "because of" her sex. Indeed, like in *Lyle*, Harrell alleges that various women, including Heath's wife, participated in the sexual impropriety at work.

Harrell also does not establish that she was retaliated against because of her sex. To the contrary, Harrell alleges various officers retaliated against her because she disapproved of the sexualized environment. FAC ¶ 26. In an analogous case, the plaintiff in *Foreman v. City of Lynwood*, No. B278912, 2018 WL 1374193 (Cal. Ct. App. Mar. 19, 2018), brought a hostile work

12

ORDER GRANTING MOTIONS TO DISMISS THE FIRST AMENDED COMPLAINT, DENYING REMAINING ARGUMENT FROM MOTION TO STRIKE AS MOOT

environment claim based on her allegation that her supervisors bore her animus because she protested discriminatory hiring practices. *Id.* at *6. The California Court of Appeal rejected this theory and held that the "cause of action failed as a matter of law because 'whistleblower' is not a protected class under FEHA." *Id.* Here, Harrell's theory is essentially that she was assigned less favorable shifts and overloaded with obligations in retaliation for her disapproval of the sexualized work environment. FAC ¶¶ 26, 50. Harrell alleges that other female dispatchers got the more favorable shifts as a result, which again suggests that the actions toward Harrell were not because of her sex. Accordingly, the motion to dismiss the third cause of action is GRANTED.

The Court notes that in addition to her Opposition, Harrell submitted a declaration in which Harrell specifies dates for much of the sexual misconduct that she alleges in the FAC. *See* ECF No. 41-2. The FAC itself does not identify when much of the misconduct occurred. Because the dates in Harrell's declaration are not found within the four corners of the FAC or in any attachments thereto, the Court may not consider these additional allegations for purposes of ruling on the pending motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). That said, the Court notes its concern that the majority of Harrell's allegations appear to fall outside the limitations period. The Court also notes that it is not clear that all of the conduct outside the workplace that Harrell alleges in the instant case is properly considered as part of a hostile work environment claim, and neither party briefed this issue. However, because Harrell may be able to cure these deficiencies, this dismissal is with leave to amend. If Harrell amends this cause of action, Harrell must specify in the second amended complaint the time period associated with each of the facts underpinning her hostile work environment allegations.

**B.     Fourth Cause of Action for Failure to Prevent Discrimination**

Harrell brings her fourth cause of action for failure to prevent discrimination in violation of California Government Code § 12940(k) against the City of Gilroy, GPD, and AFSCME. The City of Gilroy and GPD have not separately moved to dismiss this cause of action, so it survives

13

as to the City of Gilroy and GPD. However, AFSCME asserts that the fourth cause of action must be dismissed as to AFSCME because Harrell failed to exhaust administrative remedies with respect to her claim against AFSCME or, in the alternative, that Harrell fails to state a claim against AFSCME. AFSCME MTD at 11-16.

California Government Code § 12940(k) makes it unlawful for a "labor organization . . . to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." "A plaintiff seeking to recover on a failure to prevent discrimination claim under FEHA must show that (1) [she] was subjected to discrimination; (2) defendant failed to take all reasonable steps to prevent discrimination; and (3) this failure caused plaintiff to suffer injury, damage, loss or harm." *Ravel v. Hewlett-Packard Enterprise, Inc.*, 228 F. Supp. 3d 1086, 1098 (E.D. Cal. 2017) (quoting *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 804 (N.D. Cal. 2015)). A plaintiff must first timely exhaust her administrative remedies by filing an administrative charge of discrimination with DFEH before pursuing a FEHA claim in court. *See Rodriguez v. Airborne Express*, 265 F.3d 890, 897 (9th Cir. 2001). "The scope of the written administrative charge defines the permissible scope of the subsequent civil action. Allegations in the civil complaint that fall outside the scope of the administrative charge are barred for failure to exhaust." *Id.* (citation omitted).

AFSCME argues that Harrell did not exhaust her administrative remedies as to AFSCME because Harrell never named AFSCME as a respondent in her DFEH complaint. AFSCME MTD at 11-12. Instead, Harrell's complaint named only "John Tucker, as an individual," and "Joseph Guzynski, as an individual." *See* ECF No. 16-1 at 6. Harrell responds that she attempted to name AFSCME but DFEH did not permit her to name AFSCME and insisted that she name an individual instead. AFSCME MTD Opp'n at 4-5. In support of this argument, Harrell submits an email chain between her counsel and DFEH employee Ms. Khan, in which Harrell's counsel asks to add AFSCME as a respondent and Ms. Khan replies that Joseph Guzynski, who is listed as an AFSCME contact, is the proper respondent. *See* ECF No. 40-2 at 27-31 (email chain). Harrell

thus argues that she should not be liable for DFEH's refusal to add AFSCME to the complaint under *Denney v. Universal City Studios*, 10 Cal. App. 4th 1226, 1232 (1992). AFSCME disputes that Harrell's failure to name AFSCME should be forgiven under *Denney*, but AFSCME argues that even if Harrell's failure to name AFSCME was excused, Harrell still did not satisfy the exhaustion requirement because nothing in the DFEH complaint mentions any act by AFSCME or puts AFSCME on notice of Harrell's claim against it.

The Ninth Circuit summarized the rule from *Denney* in *Rodriguez*, 265 F.3d at 902: "The equities favor a discrimination plaintiff who (1) diligently pursued his claim; (2) was misinformed or misled by the administrative agency responsible for processing his charge; (3) relied in fact on the misinformation or misrepresentations of that agency, causing him to fail to exhaust his administrative remedies; and (4) was acting pro se at the time." Here, Harrell was represented by counsel when she unsuccessfully tried to name AFSCME as a respondent. Harrell cites no authority for her implied argument that *Denney* can apply even when a plaintiff is not pro se, nor does Harrell give any justification for her counsel's reliance on Ms. Khan's assertion that only individuals could be named as respondents. Indeed, the fact that the DFEH complaint already named the City of Gilroy as a respondent shows that Ms. Khan's assertion was questionable on its face. Moreover, California courts applying *Denney* have distinguished *Denney* in cases where the plaintiff was represented by counsel. *See, e.g.*, *Salgado v. Santa Ana Unified Sch. Dist.*, No. G053955, 2017 WL 4683794, at *4-5 (Cal. Ct. App. Oct. 19, 2017); *Angel v. Western Shower Door, Inc.*, No. A104999, 2004 WL 2153977, at *6 (Cal. Ct. App. Sept. 27, 2004); *Miles v. Cty. of L.A. Fire* Dep't, No. B158003, 2003 WL 21213269, at *9 (Cal. Ct. App. May 27, 2003). As a result, the *Denney* exception does not apply here because Harrell was represented by counsel. Accordingly, Harrell failed to exhaust her administrative remedies as to AFSCME because she failed to name AFSCME as a respondent in her DFEH complaint. The motion to dismiss the § 12940(k) cause of action is thus GRANTED as to AFSCME.

In any event, even if the *Denney* exception did apply, Harrell still would not have

15

exhausted her administrative remedies as to her § 12940(k) claim against AFSCME because that claim is not within the scope of Harrell's DFEH complaint. To have the DFEH complaint qualify as administrative exhaustion, the § 12940(k) claim against AFSCME must be "like or reasonably related to" the claims in the DFEH complaint. *Rodriguez*, 265 F.3d at 897. "This standard is met where the allegations in the civil suit are within the scope of the administrative investigation 'which can reasonably be expected to grow out of the charge of discrimination.'" *Id.* (quoting *Sandhu v. Lockeed Missiles & Space Co.*, 26 Cal. App. 4th 846, 859 (1994)). Courts "consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *Pierotti v. Bd. of Regents of Univ. of Cal.*, No. 16-CV-2936-HSG, 2018 WL 2183271, at *10 (N.D. Cal. May 11, 2018) (quoting *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002)). "At bottom, '[t]he crucial element of a charge of discrimination is the factual statement contained therein.'" *Id.* (quoting *Freeman*, 291 F.3d at 636).

Here, Harrell's DFEH complaint alleges that Heath engaged in sexual impropriety, that Deras treated Harrell differently than he treated younger female employees including by assigning her to less favorable shifts, and that Deras and Heath bullied Harrell and made derogatory comments to third parties about Harrell. ECF No. 16-1 at 7. Harrell alleges that she reported the issues to her captain at the time, Captain Smithee, but Smithee failed to act. Harrell was then investigated and fired. *Id.* at 7-8. Although the DFEH complaint is specific in its allegations against Heath, Deras, and Smithee, the DFEH complaint nowhere mentions any actions taken by AFSCME or its representatives, let alone alleges that those actions were improper. Because Harrell's factual statement does not include AFSCME and there is no indication that her claim against AFSCME would "reasonably be expected" to grow out of an investigation of the allegations in Harrell's factual statement, the Court finds that Harrell has not exhausted her administrative remedies as to her § 12940(k) against AFSCME. *See Freeman*, 291 F.3d at 634-37

16

(holding that EEOC charge alleging racial and sexual discrimination in context of election to Faculty Advisory Council did not cover alleged discrimination in other contexts); *Rodriguez*, 265 F.3d at 897 (calling it "especially inappropriate" to expand the civil action to include claims beyond those pled with great specificity in a DFEH complaint); *Gong v. City of Rosemead*, 226 Cal. App. 4th 363, 376 (2014) (noting that a complaint is subject to dismissal on exhaustion grounds if the factual basis for recovery in the complaint is not fairly reflected in the DFEH complaint). This conclusion is reinforced by the fact that AFSCME's action presumably underpinning its liability on the § 12940(k) claim—its declination to represent Harrell in her appeal—occurred on July 26, 2016. Yet in her DFEH complaint, Harrell states that her "most recent harm occurred on or around March 21, 2016," which supports the Court's conclusion that the DFEH claim did not include facts related to the claim against AFSCME.

Accordingly, the motion to dismiss the fourth cause of action for failure to prevent discrimination is GRANTED as to AFSCME. This dismissal is with prejudice because amendment would be futile. Specifically, to be timely, a complaint must be filed with DFEH within one year of the occurrence of the unlawful action. Cal. Gov. Code § 12960; *Rodriguez*, 265 F.3d at 896. Here, AFSCME declined to represent Harrell on July 26, 2016, which means that any complaint with DFEH must have been filed by July 26, 2017. Although "the relation-back doctrine is available in appropriate circumstances to render timely an otherwise untimely amendment to a charge under FEHA," *Rodriguez*, 265 F.3d at 898, the Ninth Circuit has explained that "the factual allegations" in the timely complaint "must be able to bear the weight of the new theory added by amendment," *id.* at 899. Thus, even if Harrell were to amend her DFEH complaint to properly add AFSCME and the factual basis for her § 12940(k) claim against AFSCME, that amendment would be untimely and would not relate back to the original or first amended DFEH complaint because the facts in the original and amended DFEH complaint would not "bear the weight of the new theory added by amendment." *Rodriguez*, 265 F.3d at 899.

**C.      Eighth Cause of Action for Negligent Supervision, Ninth Cause of Action for Negligence, Eleventh Cause of Action for Negligent and Intentional Infliction of**

17

**Emotional Distress, and Thirteenth Cause of Action for Negligent and Intentional Misrepresentation Against AFSCME and Tucker**

AFSCME and Tucker argue that the eighth, ninth, eleventh, and thirteenth causes of action must be dismissed as to them because they are preempted by a claim for breach of the duty of fair representation, which in turn is subject to the exclusive jurisdiction of the California Public Employment Relations Board ("PERB"). AFSCME MTD at 16-20.

"In California, labor relations between most local public entities and their employees are governed by the Meyers-Milias-Brown Act (MMBA), which recognizes the right of public employees to bargain collectively with their employers over wages and other terms of employment." *City of San Jose v. Operating Engineers Local Union No. 3*, 49 Cal. 4th 597, 601 (2010). "The administrative agency authorized to adjudicate unfair labor practice charges under the MMBA is the California Public Employment Relations Board (PERB)." *Id.* "Subject to certain exceptions, local public agencies and their employees must exhaust their administrative remedies under the MMBA by applying to PERB for relief before they can ask a court to intervene in a labor dispute." *Id.* Exceptions to the exhaustion requirement include "when the administrative remedy is inadequate" or "when it is clear that seeking administrative remedies would be futile." *Id.* at 609.

"Although the MMBA does not specifically impose a duty of fair representation on an exclusive representative, the courts have held that 'unions owe a duty of fair representation of their members, and this requires them to refrain from representing their members arbitrarily, discriminatorily, or in bad faith.'" *Paulsen v. Local No. 856 of Int'l Bhd. Of Teamsters*, 193 Cal. App. 4th 823, 830 (2011) (quoting *Hussey v. Operating Engineers Local Union No. 3*, 35 al. App. 4th 1213 (1995)). The California Court of Appeal has explained that the PERB "treats a union's violation of its duty of fair representation as an unfair practice under the MMBA." *Id.* at 831. In turn, the PERB "has exclusive initial jurisdiction over MMBA unfair practice charges." *Id.*; *see also* Cal. Gov. Code § 3509(b) (stating that the "initial determination as to whether the charge of unfair practice is justified . . . shall be a matter within the exclusive jurisdiction of the [PERB]").

United States District Court
Northern District of California

Thus, a plaintiff pursuing a duty of fair representation claim against her union must first exhaust her administrative remedies before the PERB before bringing a claim in court unless an exception applies. *See Fisher v. Cal. Sch. Employees Ass'n*, No. D066884, 2015 WL 5461538, at *4-5 (Cal. Ct. App. Sept. 18, 2015) (explaining that a breach of duty of fair representation claim premised on union's failure to represent member in appeal of her termination was subject to the exclusive jurisdiction of the PERB).

AFSCME and Tucker contend that Harrell's tort claims are effectively duty of fair representation claims. AFSCME and Tucker point out that Harrell's original complaint contained a breach of duty of fair representation claim against AFSCME, which Harrell removed from the FAC. *See* ECF No. 1-1 at 30 (duty of fair representation claim against AFSCME). In place of the breach of duty of fair representation claim, Harrell added negligent supervision, negligence, and § 12940(k) claims against AFSCME and Tucker in the FAC. AFSCME MTD at 16-17. Harrell also maintained the negligent and intentional infliction of emotional distress and negligent and intentional misrepresentation claims against AFSCME that she pled in her original complaint. AFSCME and Tucker argue that, with the exception of the § 12940(k) claim, all of these other claims are subsumed by the duty of fair representation, and thus should be construed as duty of fair representation claims. AFSCME MTD at 17-19. Specifically, AFSCME and Tucker contend that all of these other claims are premised on AFSCME's and Tucker's duties to Harrell, which arise out of the union-member relationship.

Although Harrell briefly attempts to distinguish some of AFSCME and Tucker's authorities, Harrell does not meaningfully dispute that her tort claims are effectively duty of fair representation claims. *See* AFSCME MTD Opp'n at 12-13. Indeed, California courts and district courts in California have held that when tort and other claims essentially raise a duty of fair representation claim, the tort and other claims are properly dismissed based on the PERB's exclusive jurisdiction. *See, e.g.*, *Glover v. Cal. State Univ. Fresno*, No. 15-CV-152-SAB, 2015 WL 4508714, at *4-5 (E.D. Cal. July 24, 2015) (dismissing contract claim that was identical to

Case No. 17-CV-05204-LHK
ORDER GRANTING MOTIONS TO DISMISS THE FIRST AMENDED COMPLAINT, DENYING REMAINING
ARGUMENT FROM MOTION TO STRIKE AS MOOT

breach of duty of fair representation claim in light of PERB's exclusive jurisdiction); *Paulsen*, 193 Cal. App. 4th at 835 (concluding that "the tort causes of action fall within PERB's exclusive initial jurisdiction" because they are "in essence the same as the duty of fair representation claim"); *City & County of San Francisco v. Int'l Union of Operating Engineers, Local 39*, 151 Cal. App. 4th 938, 944 (2007) (a party "may not, through artful pleading, evade PERB's exclusive jurisdiction"); *Anderson v. Cal. Faculty Ass'n*, 25 Cal. App. 4th 207, 220 (1994) (concluding that fraud and other hybrid tort-duty of fair representation claims should be dismissed based on PERB's exclusive jurisdiction). Moreover, in *Hussey*, the California Court of Appeal specifically rejected a plaintiff's attempt to assert a negligence cause of action against a union and held that "[a] union does not owe a duty of care to its members . . . . Instead, unions owe a duty of fair representation to their members . . . ." 35 Cal. App. 4th at 1219. Accordingly, the Court finds that Harrell's claims arise out of an alleged breach of the duty of fair representation, and thus the PERB has exclusive jurisdiction unless an exception applies.

Harrell argues that the futility exception excuses her from failing to present her duty of fair representation claim to the PERB. AFSCME MTD Opp'n at 13. Specifically, Harrell argues that "[e]xhaustion is not required if the employee can show that the union repudiated the contractual grievance procedures or breached its duty of fair representation to the employee." *Id.* However, this argument is circular. The California case law discussed above clearly holds that the PERB has exclusive jurisdiction over breach of duty of fair representation claims. If Harrell were correct that a breach of the duty of fair representation showed that bringing a claim before the PERB was futile, then the PERB's exclusive jurisdiction over such claims would be meaningless, because the futility exception would apply in every case.

In sum, the Court finds that Harrell's tort claims against AFSCME and Tucker are subsumed within the duty of fair representation. The Court thus GRANTS the motion to dismiss the eighth, ninth, eleventh, and thirteenth causes of action against AFSCME and Tucker based on Harrell's failure to exhaust her remedies at the PERB, which has exclusive jurisdiction. This

dismissal is without prejudice to Harrell bringing her claims before the PERB.

**D.    Ninth Cause of Action for Negligence, Tenth Cause of Action for Assault, and Eleventh Cause of Action for Negligent and Intentional Infliction of Emotional Distress Against Officer Defendants**

Harrell asserts her ninth cause of action for negligence against Turner, Heath, Deras, Svardal, Ynzunza, McPhillips, AFSCME, and Tucker. *See* FAC at 28.  Harrell asserts her tenth cause of action for assault against Heath, Deras, and Ynzunza. *See id.* at 30.  Harrell's eleventh cause of action for negligent and intentional infliction of emotional distress names Turner, Heath, Deras, Svardal, Ynzunza, McPhillips, Tucker, and AFSCME. *See id.* at 31.  Turner, Heath, Deras, Svardal, Ynzunza, and McPhillips argue that Harrell's ninth, tenth, and eleventh claims must be dismissed because Harrell did not allege timely compliance with the California Tort Claims Act, Cal. Gov. Code §§ 810, *et seq.*  Officers' MTD at 8-10.

"California Government Code § 950.2 requires that those who wish to sue a public employee based on acts or omissions within the scope of the employee's employment must first file a claim against that employee's public-entity employer." *Belinda K. v. County of Alameda*, No. 10-CV-5797-LHK, 2012 WL 1535232, at *10 (N.D. Cal. Apr. 30, 2012) (citing *Briggs v. Lawrence*, 230 Cal. App. 3d 605, 612-13 (1991))), *aff'd, J.H. v. Baldovinosre*, 583 F. App'x 833 (9th Cir. 2014).  Under California Government Code § 911.2, claims relating to death, personal injury, and personal property must be presented "not later than six months after the accrual of the cause of action" and all other claims must be presented "not later than one year after the accrual of the cause of action." Cal. Gov. Code § 911.2(a).  "The purpose of notice is to allow the governmental entity: 1) to make an early investigation; 2) to settle claims early to avoid costly litigation; 3) to rectify a dangerous condition; and 4) to take the claim into account in making its fiscal planning." *Dronet v. Colunga*, No. B148132, 2002 WL 339794, at *1 (Cal. Ct. App. Mar. 5, 2002) (citing *San Diego Unified Port Dist. v. Superior Court*, 197 Cal. App. 3d 843, 847 (1988)).  In turn, "[u]nder California Government Code § 945.4, 'failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity.'"

21

*Belinda K.*, 2012 WL 1535232 at \*10 (quoting *State of California v. Superior Court*, 32 Cal. 4th 1234, 1239 (2004)).

Harrell's claims for negligence, assault, and negligent and intentional infliction of emotional distress are subject to the presentation requirement of the California Tort Claims Act. *See, e.g.*, *Jacome v. Vlahakis*, No. 18-CV-10-GPC, 2018 WL 3729148, at \*5-6 (S.D. Cal. Aug. 6, 2018) (dismissing negligence claim for failure to comply with presentment requirement); *Mundo v. Carmona*, No. 16-CV-1687-AWI, 2018 WL 573365, at \*7 (E.D. Cal. Jan. 26, 2018) (dismissing assault claim for failure to comply with presentation requirement); *Gong v. City of Rosemead*, 226 Cal. App. 4th 363, 376 (2014) (dismissing intentional infliction of emotional distress claim for failure to comply with presentation requirement). Turner, Heath, Deras, Svardal, Ynzunza, and McPhillips contend that Harrell's negligence claim must be dismissed because Harrell does not allege timely compliance with the California Tort Claim Act's presentment requirement or allege a reason for excusing Harrell from the presentation requirement. They argue that dismissal should be without leave to amend because Harrell was on notice of the California Tort Claims Act presentment deficiency based on the September 15, 2017 motion to dismiss the original complaint, and yet Harrell's FAC, filed on December 29, 2017, did not remedy the deficiency. Officers' MTD at 8-10.

It is undisputed that Harrell did not timely present her claim as required by the California Tort Claims Act. Harrell was fired on March 21, 2016, which means that her claim was due by September 21, 2016. *See* Officers' MTD Opp'n at 6 (Harrell conceding that claim was due by September 21, 2016). However, Harrell did not present her claim until December 7, 2016. *See* Officers' MTD at 10; ECF No. 19-1 at 64; ECF No. 44-1 at 88. Instead, Harrell offers two arguments why her failure to timely present her claim should be excused.

First, Harrell argues that she is excused from the presentment requirement because the Gilroy Defendants failed to register as public entities as required by California Government Code § 53051. Officers' MTD Opp'n at 7-8 (relying on *Wilson v. San Francisco Redevelopment*

Case No. 17-CV-05204-LHK
ORDER GRANTING MOTIONS TO DISMISS THE FIRST AMENDED COMPLAINT, DENYING REMAINING
ARGUMENT FROM MOTION TO STRIKE AS MOOT

*Agency*, 19 Cal. 3d 555, 560 (1977)). The Court previously considered and rejected this argument in its May 25, 2018 order. Specifically, the Court found that the City of Gilroy is not a "public agency" within the meaning of § 53050, which means that it was not required to comply with § 53051. In addition, the GPD is a department of the City of Gilroy, which means that it also was not required to comply with § 53051. *See* ECF No. 48 at 14.

Second, Harrell argues that equitable tolling should apply. Officers' MTD Opp'n at 3-7. "Equitable tolling is a judicially created doctrine that, if applicable, will 'suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness.'" *Gomez v. Safway Services,* LLC, No. B281687, 2018 WL 3134012, at *3 (Cal. Ct. App. June 27, 2018) (quoting *Addison v. State of California*, 21 Cal. 3d 313, 318-19 (1978)). "Broadly speaking, the doctrine applies '[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one.'" *McDonald v. Antelope Valley Community College Dist.*, 45 Cal. 4th 88, 100 (2008) (quoting *Elkins v. Derby*, 12 Cal. 3d 410, 414 (1974)). "Thus, it may apply where one action stands to lessen the harm that is the subject of a potential second action; where administrative remedies must be exhausted before a second action can proceed; or where a first action, embarked upon in good faith, is found to be defective for some reason." *Id.* To establish equitable tolling, a plaintiff must satisfy three elements: "timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff." *Id.* at 102.

Specifically, Harrell contends that her March 28, 2016 administrative appeal of her termination, her June 2016 notification to McPhillips that Harrell intended to assert a sexual harassment claim against Heath and a retaliation claim against the City, and her December 2016 DFEH complaint equitably tolled the six-month period for presenting her tort claims to the City. Officers' MTD Opp'n at 4-5. The Court disagrees because (1) Harrell does not allege timely compliance or equitable tolling in her FAC, (2) the administrative appeal, administrative complaints, and DFEH complaint gave no notice of any claims against McPhillips, Ynzunza, or Svardal, and (2) Harrell has not demonstrated reasonable and good faith conduct in pursuing these

Case No. 17-CV-05204-LHK
ORDER GRANTING MOTIONS TO DISMISS THE FIRST AMENDED COMPLAINT, DENYING REMAINING
ARGUMENT FROM MOTION TO STRIKE AS MOOT

alternative administrative claims.

First, a plaintiff bears the burden of affirmatively alleging compliance with the California Tort Claims Act or a reason to excuse compliance. *See Robinson v. Alameda County*, 875 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012) ("A plaintiff 'must allege facts demonstrating or excusing compliance with the claims presentation requirement.'" (quoting *State of California v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1243 (2004))); *Gong*, 226 Cal. App. 4th at 375 ("A cause of action that is subject to the statutory claim procedure must allege either that the plaintiff complied with the claims presentation requirement, or that a recognized exception or excuse for noncompliance exists."). Plaintiff alleges neither compliance nor a reason to excuse compliance in her FAC, even though she was on notice from the motion to dismiss the original complaint that an allegation of compliance was required. Although Harrell argues equitable tolling in her Opposition and references her attorney's declaration to establish facts supporting her equitable tolling argument, she does not specify equitable tolling as a reason to excuse compliance in the FAC itself. At the motion to dismiss stage, consideration of non-judicially noticeable facts outside the complaint is improper. *See J.M. ex rel. Martin M. v. City of King City*, No. 12-CV-1951-LHK, 2012 WL 4005465, at *5 (N.D. Cal. Sept. 11, 2012) (refusing to consider facts about compliance with presentation requirement raised for the first time in an opposition to a motion to dismiss). Accordingly, the motion to dismiss the ninth, tenth, and eleventh causes of action is GRANTED as to Turner, Heath, Deras, Svardal, Ynzunza, and McPhillips.

However, in order to assess whether giving Harrell leave to amend would be futile, the Court considers whether Harrell's evidence, if properly alleged in a second amended complaint, would establish equitable tolling. The Court concludes it would not. First, having reviewed the administrative appeal, documents related to the administrative sexual harassment and retaliation complaints, and the DFEH claim, the Court concludes that these proceedings did not give notice of any claims against McPhillips, Ynzunza, or Svardal. In order for a claim to satisfy the claim presentation requirement, "the factual circumstances set forth in the written claim must correspond

with the facts alleged in the complaint; even if the claim were timely, the complaint is vulnerable to a demurrer if it alleges a factual basis for recovery which is not fairly reflected in the written claim." *Gong*, 226 Cal. App. 4th at 376 (quoting *Nelson v. State of California*, 139 Cal. App. 3d 72, 79 (1982)). For example, in *Mundo*, when the plaintiff alleged that defendant Carmona retaliated against the plaintiff for complaints but the plaintiff did not specifically allege that Carmona assaulted the plaintiff, the court dismissed the assault claim for failure to comply with the claim presentation requirement. *Mundo*, 2018 WL 573365 at *3, 7. It follows that an alternate administrative remedy will not give defendants proper notice of claims for the purposes of equitably tolling the presentation requirement if the alternate administrative remedy did not identify the allegations at issue.

Here, in the March 28, 2016 administrative appeal, Harrell generally mentions harassment allegations against Heath and Deras and generally alleges that Turner has failed to act on these harassment allegations, but Harrell does not accuse McPhillips, Ynzunza, or Svardal of impropriety or negligence. *See* ECF No. 41-2 at 30-42. Harrell offers no evidence that the sexual harassment complaint or the retaliation complaint put McPhillips, Ynzunza, or Svardal on notice of claims against them. Similarly, the DFEH complaint names the City of Gilroy as a respondent and Deras, Turner, and Heath as co-respondents, but does not mention any allegations of negligence against McPhillips, Ynzunza, or Svardal. Indeed, Harrell's own submission shows that Harrell did not add Ynzunza or McPhillips to the DFEH complaint until May 17, 2017. *See* ECF No. 40-2 at 27. Accordingly, because the administrative appeal, the administrative sexual harassment complaint against Heath, the administrative retaliation complaint, and the DFEH complaint did not give timely notice of Harrell's claims against McPhillips, Ynzunza, or Svardal, Harrell has not satisfied the first element of equitable tolling as to these three Defendants. *See McDonald*, 45 Cal. 4th at 102. For the same reasons, these three Defendants would be prejudiced by the application of equitable tolling in this case, insofar as there could be no prompt investigation into the claims against them or any opportunity to avoid costly litigation through

United States District Court
Northern District of California

early settlement because Harrell gave no notice of her claims against these Defendants. *See Dronet*, 2002 WL 339794 at *1 (listing goals of presentment requirement). Accordingly, the California Tort Claims Act's six-month period for presenting claims was not equitably tolled as to McPhillips, Ynzunza, or Svardal. The Court thus concludes that allowing leave to amend to add equitable tolling allegations would be futile as to McPhillips, Ynzunza, and Svardal. Accordingly, the dismissal of the ninth, tenth, and eleventh claims is with prejudice as to McPhillips, Ynzunza, and Svardal.

As to Heath, Deras, and Turner, the Court finds that the third requirement of equitable tolling, good faith pursuit of alternate remedies, is not satisfied, and so the Court need not analyze the first two elements. As to the administrative appeal of her termination, the City granted Harrell multiple continuances to accommodate Harrell's two changes in counsel. The City reset the Personnel Commission hearing three times between June 2016 and November 2016. ECF No. 44-1 at 21, 25, 28, 35, 37, 39. In August 2016, when the hearing was reset for the third time, the City notified Harrell that no further continuances would be granted. *Id.* at 37. A little more than one week before the November 2, 2016 hearing, more than seven months after Harrell filed her appeal, Harrell's counsel requested that the hearing be rescheduled again due to counsel's conflict with a separately scheduled deposition. *Id.* at 56. The City responded that the hearing could be reset from 1:00 pm to 5:00 pm to accommodate the deposition. *Id.* at 55. Harrell's counsel then requested a continuance of five months to allow her more time to review the case. *Id.* at 58-59. When the City denied that continuance, *id.* at 61, neither Harrell nor her counsel attended the Personnel Commission hearing, *id.* at 65-66, 71. Similarly, the investigator working on Harrell's sexual harassment complaint attempted to meet with Harrell multiple times to obtain her statement regarding the allegations. Harrell failed to attend any of the scheduled appointments and ultimately never participated in the investigation. ECF No. 16-3.

Although an alternate administrative remedy need not be pursued to completion to support equitable tolling, *see McDonald*, 45 Cal. 4th at 111-12, the Court finds that Harrell's conduct

related to her administrative appeal and administrative complaints evidence bad faith, not merely voluntary abandonment. Specifically, Harrell did not voluntarily dismiss her administrative appeal or administrative complaints after deciding to pursue her case in state court instead. *See, e.g.*, *Estate of Morad v. City of Long Beach*, No. CV 16-6785 MWF, 2017 WL 5187826 (C.D. Cal. Apr. 28, 2017) (finding equitable tolling applied where plaintiff voluntarily dismissed state court action and then tried to amend federal complaint to add state court causes of action). Such a voluntary dismissal might indicate a good faith decision to pursue another form of remedy. Instead, Harrell filed the administrative appeal and administrative complaints, setting into motion an appeals process and an independent investigation, received a five month continuance and unsuccessfully requested another five month continuance, and then ultimately refused to cooperate with or participate in either the appeal hearing or the investigation of her complaints. Such a pattern does not indicate good faith pursuit of her administrative appeal or administrative complaints.

Moreover, the Court finds that Harrell's conduct with respect to the administrative appeal and administrative complaints is consistent with her conduct so far in the instant case. Specifically, once Defendants filed a timely motion to dismiss the original complaint, Harrell failed to timely amend the complaint or oppose the motion to dismiss. Instead, two months after the deadline for filing an amended complaint as of right or opposing the motion to dismiss, Harrell wrote the Court a letter requesting that the Court refrain from ruling on the motion to dismiss. Although the Court ultimately permitted Harrell to file an amended complaint notwithstanding her untimeliness, such disregard for the rules governing litigation in this Court ultimately costs Defendants effort, time, and money, and unnecessarily burdens the Court.

Thus, Harrell's refusal to participate in her administrative appeal hearing after the City granted her a five month continuance, Harrell's refusal to participate in the investigation of her administrative complaints, Harrell's failure to timely comply with the California Tort Claims Act's presentation requirement, and Harrell's failure to adhere to the timelines in the Civil Local

United States District Court
Northern District of California

Rules and the Federal Rules of Civil Procedure appear to be part of a broader pattern that shows a lack of diligence and good faith. Accordingly, the Court finds that equitable tolling of her claims against Heath, Deras, and Turner is not warranted because Harrell has not satisfied the third requirement of equitable tolling, good faith pursuit of alternate remedies. *See generally Rodriguez*, 265 F.3d at 902 n.12 ("Diligence is required for the successful invocation of virtually any equitable doctrine." (citing *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)). Furthermore, because the Court finds that Harrell did not diligently and in good faith pursue her alternate administrative remedies, Harrell will be unable to establish the third element of equitable tolling as a matter of law even if the Court permitted amendment. The Court thus finds that amendment would be futile. *See Carvalho*, 629 F.3d at 892-93. The ninth, tenth, and eleventh causes of action are therefore dismissed with prejudice as to Heath, Deras, and Turner.

Because the City of Gilroy and GPD's California Tort Claims Act arguments from the motion to strike are the same as the Officers' argument discussed above, the Court DENIES AS MOOT the California Tort Claims Act argument from the motion to strike.

**E.      Twelfth Cause of Action for Supervisory Liability Under § 1983**

Harrell asserts her twelfth cause of action for supervisory liability under 42 U.S.C. § 1983 against Turner, Heath, Deras, Svardal, Ynzunza, and McPhillips in their individual capacities. FAC at 33. "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). "The requisite causal connection can be established . . . by setting in motion a series of acts by others or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Id.* at 1207-08 (internal citations, quotation marks, and alterations omitted).

Turner, Heath, Deras, Svardal, Ynzunza, and McPhillips contend that Harrell's supervisory

liability claim must be dismissed because Harrell fails to identify which of her federal rights were violated. Officers' MTD at 21-22. In response, Harrell does not argue that her FAC sufficiently states a claim. Officers' MTD Opp'n at 22-23. As such, the motion to dismiss the twelfth cause of action is GRANTED as to Turner, Heath, Deras, Svardal, Yznunza, and McPhillips.

Instead, Harrell asserts that if granted leave to amend, Harrell would specify that she was denied her right to due process guaranteed by the Fourteenth Amendment because she was denied information about the nature of the internal affairs investigation of her in 2015. Harrell argues that as a result of the deprivation of information, she was unable to prepare for her *Skelly* hearing, which is a pre-disciplinary due process requirement under California law for public employees with a property interest in their employment.

In reply, Turner, Heath, Deras, Svardal, Ynzunza, and McPhillips assert that Harrell's due process theory about the *Skelly* hearing is contradicted by other evidence that Harrell has put forward so far and that leave to amend would be futile as a result. However, the Court notes that the City of Gilroy and GPD did not move to dismiss Harrell's fourteenth cause of action for violation of federal civil rights under § 1983, which is also premised on an alleged due process violation. Because that claim survives, the Court is not persuaded that allowing Harrell leave to amend the associated supervisory liability claim would necessarily be futile. Accordingly, the dismissal of the twelfth cause of action for supervisory liability is with leave to amend. If Harrell chooses to amend, she must plead specific facts that tie each Defendant against whom she asserts the supervisory liability claim to the alleged deprivation of her right to due process.

## V.    CONCLUSION

For the foregoing reasons, the motions to dismiss the FAC are granted and the remaining argument from the motion to strike is denied as moot. The status of each cause of action is as follows:

- The first, second, fifth, sixth, fourteenth, and fifteenth causes of action against the City of Gilroy and GPD survive because no party moved to dismiss them.

- The third cause of action for hostile work environment sexual harassment in

29

violation of Cal. Gov. Code § 12940 is dismissed with leave to amend.

- The fourth cause of action for failure to prevent discrimination in violation of Cal. Gov. Code § 12940(k) is dismissed with prejudice.

- The seventh cause of action was previously stricken as redundant.

- The eighth cause of action for negligent supervision is dismissed without prejudice to Harrell bringing this claim before the PERB.

- The ninth cause of action is dismissed with prejudice as to Turner, Heath, Deras, Svardal, Ynzunza, and McPhillips for failure to comply with the California Tort Claims Act. The ninth cause of action is dismissed as to AFSCME and Tucker without prejudice to Harrell bringing this claim before the PERB.

- The tenth cause of action for assault is dismissed with prejudice for failure to comply with the California Tort Claims Act.

- The eleventh cause of action for negligent and intentional infliction of emotional distress is dismissed with prejudice as to Turner, Heath, Deras, Svardal, Ynzunza, and McPhillips for failure to comply with the California Tort Claims Act. The eleventh cause of action is dismissed as to AFSCME and Tucker without prejudice to Harrell bringing this claim before the PERB.

- The twelfth cause of action for supervisory liability under § 1983 is dismissed with leave to amend.

- The thirteenth cause of action for negligent and intentional misrepresentation is dismissed without prejudice to Harrell bringing this claim before the PERB.

If Harrell fails to file an amended complaint within 30 days or fails to cure the deficiencies identified in this order, the claims dismissed in this order will be dismissed with prejudice. Harrell may not add new causes of action or new parties without a stipulation or leave of the Court.

**IT IS SO ORDERED.**

Dated: August 13, 2018

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

30